PER CURIAM:

The stay of trial heretofore entered is vacated.

The case is remanded to the district court to reconsider the application for bail. Additional evidence may, and probably should, be received. At the conclusion of the hearing the trial court should state in writing its reasons for its actions. F.R.A.P. 9(a)

the Duval County School System. Cf. Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554.

The district court is further directed to thereafter make findings of fact and conclusions of law and enter final judgment. In the event either party contests said judgment, the record is to be transmitted to this court no later than June 21, 1971.

Remanded with directions.

---

Daly N. **BRAXTON** and Sharon Braxton, etc., et al., Plaintiffs-Appellees-Cross Appellants,

v.

The **BOARD OF PUBLIC INSTRUCTION OF DUVAL COUNTY, FLORIDA**, etc., et al., Defendants-Appellants-Cross Appellees.

No. 30418.

United States Court of Appeals, Fifth Circuit.

June 3, 1971.

James C. Rinaman, Jr., General Counsel, Yardley D. Buckman, Asst. Counsel, Millar & Fallin, Jacksonville, Fla., for plaintiffs-appellees.

Drew S. Days, III, Jack Greenberg, New York City, Norris D. Woolfork, III, Orlando, Fla., for defendants-appellants.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The within matter is remanded to the district court with directions that the record be supplemented by such evidence as may be relevant to outstanding issues in the student assignment plan for

---

**UNITED STATES** of America, Plaintiff-Appellee,

v.

Harold Bailey **McINTYRE**, Defendant-Appellant.

No. 71–1035.

United States Court of Appeals, Fifth Circuit.

June 4, 1971.

John Kirby, Andrew A. Smith, Atlanta, Ga., for appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before GEWIN, BELL, and MORGAN, Circuit Judges.

PER CURIAM:

One issue presented on this appeal from a conviction of passing stolen goods moving in interstate commerce, 18 USCA, § 659, is that evidence obtained as a result of a search following an arrest should have been suppressed on the ground that the requisite probable cause was lacking. The district court held to the contrary and we agree. Bailey v. United States, 5 Cir., 1967, 386 F.2d 1.